# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KIJAI KHAMISI, et al.,<br>Plaintiffs, | Case No. 1:18-cv-0087<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| JOSEPH DETERS, et al.,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

## I. Introduction

Plaintiffs Ayinde Khamisi, Jelani Khamisi, Kaia Khamisi, Kijai Khamisi and Kimberly Khamisi bring this pro se action under 42 U.S.C. § 1983 alleging violations of their civil rights. They name as defendants Hamilton County Court of Common Pleas Judge Robert Ruehlman; Golf Manor police officers Mathew Geraci and Jill Matthews (the "Golf Manor defendants"); Cincinnati Police Dept. Dist. 4 officers Igel Samuel, Raymond G. Marsh, Jr., and Michael William Moore (the "City defendants"); and Hamilton County, Ohio employees Prosecuting Attorney Joseph Deters, Assistant Prosecuting Attorney William Anderson, Debra Shinaman, Clerk of Court Aftab Pureval, Hamilton County Justice Center Criminal Clerk Connie Enderle (listed as "Connie Doe" in the complaint), Judge Ruehlman's Law Clerk Jonathan Kelly, Judge Ruehlman's bailiff Laura Hayslip, Hamilton County Court of Common Pleas Magistrate Mike Bachman, and Hamilton County Sheriff Jim Neil (the "County defendants").

This matter is before the Court on the County defendants' motion to dismiss/motion to stay (Doc. 19), plaintiff Kimberly Khamisi's responses to the motion (Docs. 27, 38, 42), the County defendants' reply (Doc. 36), and plaintiffs' amended response (Doc. 47). Defendants have filed a motion for leave to file a reply in support of their motion to dismiss/motion to stay

out of time. (Doc. 57). Plaintiffs have filed supplemental memoranda opposing the motion to dismiss. (Docs. 59, 62, 63, 64).

This matter is also before the Court on defendant Judge Ruehlman's motion to dismiss (Doc. 21), plaintiff Kimberly Khamisi's response in opposition to the motion (Doc. 27), Judge Ruehlman's reply in support of his motion (Doc. 34), and plaintiffs' responses in opposition to defendant's motion to dismiss (Docs. 42, 44, 53, 54, 55, 56).

The Golf Manor defendants have also filed a motion to dismiss (Doc. 22) and a reply in support of the motion (Doc. 35), and plaintiffs have filed responses in opposition to the motion (Doc. 42, 53, 54, 55, 56).

The City defendants have filed a motion for leave to respond to the complaint out of time. (Doc. 29). They have attached a proposed motion to dismiss to their motion. (Doc. 29-1). The Court will grant defendants' motion and allow plaintiffs an opportunity to respond to the motion to dismiss.

Plaintiffs have filed numerous motions which are pending before the Court. These are: "Emergency Affidavit Writ of Habeas Corpus and Show Cause Hearing" (Doc. 25); "(Emergency) Affidavit of Judicial Notice, Injunctive Relief, Show Cause Hearing, and Objection to Defendants Motion to Dismiss" (Doc. 28); "Motion to Stay, and Emergency Injunctive Relief-Show Cause Hearing" (Docs. 37, 46); Kijai Khamisi's motion for default judgment against the County defendants (Doc. 61); and Kimberly, Jelani, Ayinde and Kaia Khamisi's motions to take judicial notice (Docs. 65, 66, 67, 68, 69).

## II. Allegations of the complaint

Plaintiffs Ayinde Khamisi, Jelani Khamisi, Kaia Khamisi, Kijai Khamisi and Kimberly Khamisi sue each of the defendants in their individual and official capacities. (Doc. 7, ¶¶ 12-27). Plaintiffs bring claims for injunctive relief and damages under 42 U.S.C. §§ 1983 and 1988, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under 28 U.S.C. §§ 1331 and 1343, and under the Court's supplemental jurisdiction, 28 U.S.C. § 1367. Plaintiffs make the following allegations in the complaint:

Plaintiffs are citizens of Ohio. (*Id.*, ¶ 1). On November 6, 2017, Cincinnati police officers Marsh, Moore and Samuel trespassed on claimant Kijai Khamisi's person/property and unlawfully detained and fingerprinted her at gun point in front of her apartment because they mistook Kijai for her sister, Kaia Khamisi. (*Id.*, ¶ 2). On November 8, 2017, Kimberly, Kaia, Ayinde and Jelani Khamisi and Jelani's fiancée Mariah were all named in a 21-count felony indictment. (*Id.*, ¶ 2). The indictment was "fraudulent" and was "knowingly and maliciously concocted and supervised" by defendants Deters, Anderson, Schinaman, Ruehlman, Bachman, Hayslip, Enderle (Doe), Neil and Pureval from "civil quiet title-verified complaints, that Claimants had individually filed with the Hamilton County Common Pleas Court, over a 2 year span of time." (*Id.*). The indictment was obtained without probable cause because it does not charge an element of any of the crimes plaintiffs are alleged to have committed, which are theft, unauthorized use of property, and tampering with records. (*Id.*, ¶ 36). The bill of particulars accuses plaintiffs of "illegally 'squatting' and attempting to steal a house," but plaintiffs allege that defendants Deters and Anderson are actually referring to the "common law doctrine of

3

adverse possession in the bill of particulars," which plaintiffs allege is not governed by a statute and is not a crime so as to convey subject matter jurisdiction on the state court. (*Id.*, ¶ 37).

Jelani Khamisi has been incarcerated as a result of the indictment since November 27, 2017; he has challenged the state court's jurisdiction since the initial court hearing and has not entered a plea; and he has been denied the opportunity to present and defend himself or to have the court respond to "his habeas corpus." (*Id.*, ¶ 31). Defendant Magistrate Bachman vindictively set an excessive bond of $150,000 for him in retaliation for his request that Magistrate Bachman recuse himself from his quiet title case in 2016 on the ground Magistrate Bachman had allegedly exceeded his jurisdiction, had denied plaintiff's right to due process of law by denying and ignoring civil title lawsuits, and was biased against the common law and statutory law. (*Id.*, ¶ 31).

Plaintiffs Kimberly, Kaia and Ayinde Khamisi allege they are within their rights to avoid a "false arrest" and they "have not been apprehended." (*Id.*, ¶ 33). They allege they are "being denied the right to access the Courts to file legal documents in order to defend themselves against the foundational trespasses perpetuated by Defendants." (*Id.*). They allege they have "previously challenged the Court's jurisdiction on record through pleadings, such as; Writ of Mandamus, Prohibition, and Affidavit of Disqualifications in Ohio Supreme Court, habeas corpus in Federal Court, Notice of Void Judgment, Affidavit in Opposition to Defendants' Motion to Dismiss, writ of habeas and Affidavits in Trial Court." (*Id.*).

Claimant Kijai Khamisi was "harassed and unlawfully detained for approximately 1 hour and 15 minutes" by the City defendants as a result of mistakes. (*Id.*, ¶ 34). Golf Manor police

4

officers Matthews and Geraci harassed and interrogated her as she was inquiring about the arrest warrants issued against the other plaintiffs at the Golf Manor Police Station. When Matthews began questioning plaintiff, Geraci left the station and forced the door open on Kijai Khamisi's vehicle which was in the parking lot. (*Id.*). "They" began interrogating Kijai Khamisi's friend, Shannon Reed, who was in the front passenger seat of the vehicle, and "forced him" to present his identification. (*Id.*). As Kijai Khamisi attempted to leave the premises, Matthews motioned for Geraci to follow Kijai, and he did so until she pulled over and called 911, at which point Geraci continued to drive on. (*Id.*). Kijai Khamisi, her friend, and her two sons who were in the back of the vehicle feared for their lives and suffered traumatically from the event. (*Id.*). Kijai immediately went to the hospital with shortness of breath and learned her blood pressure was over 200 due to the anxiety and stress of the event. (*Id.*).

Plaintiffs appear to allege that the indictment was not supported by probable cause and that defendants have violated their right to due process of law by asserting:

> The bill of particular and discovery submitted by Defendants alleged evidence of adverse possession, particularly the quiet titles-verified complaints that were filed by Claimants in civil court, dispelling all reasonability of Claimants being legally prosecuted for a crime, in spite of the lack of evidence of any necessary elements to prove a crime state actors are persistently abusing their power by violating Claimants' right to due process of law through unlawful detaining and restraining Claimants' liberty through threat of arrests, excessive bonds with no prior records, threatening Claimant for representing pro se during court hearings, prohibiting Claimants from communicating with each other though they are engaged to be married and share an infant, harassment and slandering of Claimants name and character through news media, refusing to accept Claimants' affidavits into the Court's clerk office and threatening to only accept motions from Claimants, removing Claimants' documents that were filed at the Hamilton County Justice Center after courthouse hours, removing entire case from court docket prohibiting Claimants ability to prepare for defense.

5

(*Id.*, ¶ 38).

Based on these allegations, plaintiffs bring the following claims for relief: (1) violations of the right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution and Art. 1, § 13 of the Ohio Constitution (*Id.*, ¶¶ 39-48); (2) violations by each defendant of plaintiffs' right under the Fifth and Fourteenth Amendments to the United States Constitution and "Art. 1 §7" to "be free from retaliation for the exercise of the Fifth Amendment right" to be "secure in their property," resulting in emotional injuries, harm to plaintiffs' reputation, and other compensatory and punitive damages (*Id.*, ¶¶ 49-69); (3) retaliation against plaintiffs for exercise of their intangible right to possession of property through the excessive misuse of judicial power in violation of plaintiffs' rights under the Fifth Amendment to the United States Constitution (*Id.*, ¶¶ 70-90); (4) malicious prosecution in violation of plaintiffs' rights under the Fourth and Fourteenth Amendments based on defendants' bringing false charges against plaintiffs which resulted in plaintiffs' unlawful restraint, confinement and prosecution; instituting and continuing a criminal proceeding for felony theft, unauthorized use of property and tampering with records against plaintiffs without probable cause; and conspiring to institute and continue a criminal proceeding against plaintiffs for what are actually civil matters without probable cause (*Id.*, ¶¶ 91-110); (5) false arrest and violation of plaintiffs' rights to be free from malicious prosecution without probable cause and without due process in violation of the Fourth and Fourteenth Amendments resulting from defendants acting in concert to secure false criminal charges of theft, unauthorized use of property, and tampering with records against plaintiffs, resulting in their unlawful restraint, confinement, and prosecution

6

(¶¶ 111-130); and (6) developing and maintaining "quasi-judicial procedures, customs, and/or practices" which exhibited deliberate indifference to plaintiffs' constitutional rights and which were moving forces behind the violations of plaintiffs' rights under the Fourth, Fourteenth, and First Amendments and 42 U.S.C. § 1981 (*Id.*, ¶¶ 131-148).

As relief, plaintiffs seek a declaration that defendants have violated their constitutional rights; an order directing defendants to dismiss/void criminal charges and arrest warrants and to release plaintiff Jelani Khamisi from the Hamilton County Justice Center; compensatory, special and punitive damages; attorney fees and costs under 42 U.S.C. § 1988; restoration of the "delinquent tax contracts on subject real properties"; and prejudgment and post-judgment interest. (*Id.*, pp. 35-36).

## III. Rule 12(b)(1) and Rule 12(b)(6) standards

Plaintiff has the burden of proving jurisdiction in order to survive a motion to dismiss based on lack of subject matter jurisdiction. *Nichols v. Muskingum College,* 318 F.3d 674, 677 (6th Cir. 2003) (citing *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990)). When resolving a Rule 12(b)(1) motion, "[t]he court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Id.* (citing *Rogers v. Stratton Industries,* 798 F.2d 913, 916 (6th Cir. 1986)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575

(6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

## IV. Plaintiffs' claims under 42 U.S.C. § 1983

To prevail on their § 1983 claims, plaintiffs "must establish that a person acting under color of state law deprived [them] of a right secured by the Constitution or laws of the United States." *Smoak v. Hall,* 460 F.3d 768, 777 (6th Cir. 2006) (quoting *Waters v. City of Morristown,* 242 F.3d 353, 358-59 (6th Cir. 2001)).

To defeat a claim brought under § 1983, defendants may assert the defense of qualified immunity, which shields government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The plaintiff has the burden of proof to demonstrate that the defendant is not entitled to qualified immunity. *See v. City of Elyria*, 502 F.3d 484, 491 (6th Cir. 2007) (citing *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991)). Courts employ a two-step analysis to determine whether an individual is shielded from civil liability on the ground of qualified immunity: (1) considering the allegations in a light most favorable to the injured party, has a constitutional right been violated, and (2) was the constitutional right clearly-established at the time of the violation. *Smoak*, 460 F.3d at 777 (quoting *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005)). Either prong may be addressed first. *Goodwin v. City of Painesville*, 781 F.3d 314, 321 (6th Cir. 2015). If the answer to either question is "no," then qualified immunity protects the defendant from civil damages. *Id.*

## V. The County defendants' motion to dismiss/motion to stay (Doc. 19) and Judge Robert Ruehlman's motion to dismiss (Doc. 21)

The County defendants move to dismiss/stay the claims against them under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 19). Defendants contend it is clear that a federal court must abstain from hearing a case when parallel state court proceedings are pending, but they argue dismissal is warranted here due to patent deficiencies in plaintiffs' complaint. (*Id.* at 2). The County defendants assert that the complaint consists of rambling factual allegations and legal conclusions that do not specify which of the acts plaintiffs describe were unlawful, which

9

defendant committed a given unlawful act, and when each defendant committed the alleged unlawful act. The County defendants further allege that Schinaman, Pureval, Enderle, Kelly, Hayslip and Neil are entitled to qualified immunity while Deters, Anderson and Magistrate Bachman are entitled to absolute immunity. In the alternative, the County defendants move the Court to stay these proceedings pending the outcome of the state criminal proceedings involving plaintiffs pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The County defendants assert that plaintiffs' own allegations show that a parallel state criminal proceeding is pending. *See State of Ohio v. Jelani Khamisi*, Case No. B 1705754 (11/08/2017). Defendants argue abstention is warranted while the state criminal proceedings are pending. Judge Ruehlman moves to dismiss this case on three grounds: (1) abstention is appropriate under the *Younger* doctrine; (2) he has absolute judicial immunity from suit; and (3) plaintiffs have failed to state a claim for relief against him. (Doc. 21).

The *Younger* abstention doctrine "derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44). Under the doctrine, federal courts "should abstain from deciding a matter that implicates pending state criminal proceedings." *Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004). Abstention is appropriate when three factors are satisfied: "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d

415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)). *See also Gonnella*, 115 F. App'x at 771-72.

The party seeking to avoid abstention has the burden to establish state proceedings are inadequate. *Goodwin v. County of Summit, Ohio*, 45 F. Supp.3d 692, 701 (N.D. Ohio 2014) (citing *Nimer v. Litchfield Tp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n,* 498 F.3d 328, 334 (6th Cir. 2007); *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). Plaintiffs must show that state law "*clearly bars* the interposition of the constitutional claims" to avoid abstention. *Id.* (citing *Am. Family,* 498 F.3d at 334 (emphasis in original) (quoting *Squire,* 469 F.3d at 556) (further citation and quotation marks omitted); *Middlesex County Ethics Comm. v. Garden State B. Ass'n*, 457 U.S. 423, 432 (1982) (where pending state proceedings implicate important state interests, "a federal court should abstain 'unless *state law clearly bars* the interposition of the constitutional claims'")).

If the three requirements for abstention are met, the case should be dismissed or stayed unless plaintiffs can show that one of the exceptions to *Younger* abstention applies. *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). The burden is on plaintiffs to show an exception to *Younger* abstention applies. *Goodwin,* 45 F. Supp.3d at 702 (citing *Squire,* 469 F.3d at 552) (citation omitted)). The general exceptions to *Younger* abstention include "bad faith, harassment, or flagrant unconstitutionality. *Id.* (citing *Squire*, 469 F.3d at 552). Courts as a general rule have narrowly interpreted these exceptions. *Id.* (citing *Gorenc v. City of Westland,* 72 F. App'x 336, 339 (6th Cir. 2003) (citing *Zalman v. Armstrong,* 802 F.2d 199, 205 (6th Cir.

1986)); *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp.2d 966, 973 (S.D. Ohio 2010) (collecting cases)).

Plaintiffs' complaint is difficult to decipher. It appears from the complaint that all plaintiffs with the exception of Kijai Khamisi were named in a 21-count felony indictment on November 8, 2017; Jelani Khamisi has been incarcerated on a $150,000 bond; and the remaining plaintiffs had not been apprehended as of the date the complaint was filed. (Doc. 7, ¶¶ 2, 32, 33). Plaintiffs have filed several habeas petitions in this Court which clarify the allegations of the complaint in relevant respects. Read together, it appears from these filings that plaintiff Jelani Khamisi is a pretrial detainee at the Hamilton County Justice Center. *See* Doc. 7, ¶ 31; *see also Jelani Khamisi v. State of Ohio, et al.*, No. 1:18-cv-110 (Doc. 2, 3/1/2018; Doc. 5, March 22, 2018) (Bowman, M.J.; Barrett, J.) (dismissing habeas petition filed by Jelani Khamisi, "a pretrial detainee at the Hamilton County, Ohio, Justice Center," on the grounds of *Younger* abstention and failure to exhaust all available state remedies). Plaintiffs Ayinde Khamisi and Kaia Khamisi have been indicted on felony charges and it appears they are fugitives from justice. *See* Doc. 7, ¶¶ 2, 33; *see also Ayinde Khamisi v. State of Ohio, et al.*, No. 1:18-cv-113 (Doc. 2, 3/1/2018; Doc. 5, 3/22/2018) (Bowman, M.J.; Barrett, J.) (dismissing habeas petition on the grounds the petitioner was apparently a fugitive from justice and an exception to *Younger* abstention was not warranted); *Kaia Khamisi v. State of Ohio, et al.*, No. 1:18-cv-112 (Doc. 2, 2/22/2018; Doc. 3, 3/22/2018) (Litkovitz, M.J.; Barrett, J.) (same). It appears that Kimberly Khamisi was also a fugitive from justice when she filed the complaint (Doc. 7, ¶¶ 2, 33), but she has since been apprehended and has been held at the Hamilton County Justice Center as a pretrial

detainee since February or March, 2018. *See* Doc. 25, "Emergency Affidavit Writ of Habeas Corpus and Show Cause Hearing"; *see also Kimberly Khamisi v. Hamilton County Justice Center*, No. 1:18-cv-255 (Doc. 1, 4/20/2018). A Report and Recommendation that her habeas petition be dismissed on the ground of *Younger* abstention is pending before the District Judge in Case No. 1:18-cv-255. (Doc. 2).

It is clear from these filings that all three factors supporting *Younger* abstention are met here with respect to the claims brought by Jelani, Ayinde, Kimberly and Kaia Khamisi against the County defendants and Judge Ruehlman. First, the criminal proceedings that allegedly gave rise to the civil rights violations alleged by these plaintiffs remain pending in state court. *See Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (the Court looks to whether the state court proceeding was pending when the federal complaint was filed; a state court proceeding remains pending until state appellate remedies have been exhausted); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). These four plaintiffs are currently under indictment and Jelani and Kimberly Khamisi are incarcerated at the Hamilton County Justice Center. Second, the indicted plaintiffs' criminal proceedings implicate important state interests, as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, plaintiffs have not shown that the state criminal proceedings cannot provide an opportunity for them to raise any constitutional claims. The federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co.*, 481 U.S. at 15). Plaintiffs possess an adequate opportunity to raise any constitutional issues in the pending state

court proceedings or in a subsequent appeal should they be found guilty on the charges against them. Plaintiffs' claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal proceedings. Therefore, abstention under *Younger* is appropriate.

Plaintiffs have not alleged facts showing the existence of extraordinary circumstances that bar abstention. Plaintiffs do not allege facts demonstrating bad faith, harassment, flagrant unconstitutionality in the state proceedings, or any other unusual circumstances that would bar abstention in this matter.

Thus, adherence to the *Younger* abstention doctrine is required in this case. Pursuant to the *Younger* doctrine, this Court lacks subject matter jurisdiction over the claims brought by plaintiffs Jelani, Ayinde, Kimberly and Kaia Khamisi against the County defendants and Judge Ruehlman. The Court should abstain from hearing all claims these plaintiffs bring against the County defendants and Judge Ruehlman based on the *Younger* abstention doctrine.

Once the Court decides that *Younger* abstention applies, it must determine whether to stay the case or dismiss it without prejudice. *Goodwin*, 45 F. Supp.3d at 704-705 (citing *Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 638 (6th Cir. 2007)). The proper course of action depends on whether the plaintiff seeks damages or equitable relief. *Id*. at 705 (citing *Nimer,* 707 F.3d at 702). Where the plaintiff seeks an equitable remedy, the district court can exercise its discretion to dismiss the federal action without prejudice. *Goodwin*, 45 F. Supp.3d at 705 (citing *Louisville Country Club v. Ky. Comm'n on Human Rights,* 221 F.3d 1335 (Table), 2000 WL 921015, at *1 (6th Cir. June 26, 2000)). The district

court must stay a case where the complaint seeks only money damages. *Goodwin*, 45 F. Supp.3d at 704-705 (citing *Nimer*, 707 F.3d at 702; *James v. Hampton*, 513 F. App'x 471-72, 478 (6th Cir. 2013)). Where the plaintiff seeks both a legal remedy and an injunction of the state proceedings, the federal lawsuit must be stayed rather than dismissed. *James*, 513 F. App'x at 478.

Plaintiffs here seek legal relief in the form of monetary damages. Plaintiffs Ayinde, Jelani, Kaia and Kimberly Khamisi also seek to enjoin ongoing state criminal proceedings. Because these plaintiffs seek both legal damages and equitable relief, a stay rather than dismissal of their federal claims is the proper course of action. It is not necessary to reach the merits of these plaintiffs' claims against the County defendants and Judge Ruehlman and decide at this juncture whether those claims should be dismissed under Fed. R. Civ. P. 12(b)(6). The Court should deny the County defendants and Judge Ruehlman's motions to dismiss plaintiff Ayinde, Jelani, Kaia and Kimberly Khamisi's claims under Rule 12(b)(6) without prejudice to refiling once the state criminal proceedings have concluded and the stay is lifted.

The complaint does not include any allegations which, if accepted as true, suggest that the County defendants or Judge Ruehlman violated Kijai Khamisi's rights. There are no factual allegations that show any connection between Kijai Khamisi and these defendants. Kijai Khamisi's claims against the County defendants and Judge Ruehlman should therefore be dismissed for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

## VI. The Golf Manor defendants' motion to dismiss (Doc. 22)

The Golf Manor police officers named in the complaint, Jill Matthews and Matthew Geraci, move to dismiss the claims against them for failure to state a claim to relief under Fed. R. Civ. P. 12(b)(6). (Doc. 22). They state that only ¶ 34 of the complaint makes specific reference to actions by them. They contend that even if the allegations of ¶ 34 of the complaint are accepted as true, they are entitled to qualified immunity because those allegations do not state a claim for violation of a plaintiff's clearly established rights. (*Id.* at 7-8). Defendants filed a reply in support of their motion on April 9, 2018, alleging that plaintiffs had not filed a response in opposition to their motion. (Doc. 35). Plaintiffs thereafter filed responses to the motion to dismiss. (Docs. 42, 53, 54, 55, 56).

The only specific allegations of the complaint related to defendants Matthews and Geraci are found in ¶ 34. Plaintiffs allege in this paragraph of the complaint that "Gulf (sic) Manor Police offers (sic) Jill Matthews and Mathew Geraci harassed and interrogated Claimant Kijai as she was inquiring about the arrest warrants issued against the other Claimants at the Gulf (sic) Manor Police Station" and Geraci "went outside into the parking lot and forced the door open on Kijai's vehicle." (Doc. 7, ¶ 34). Plaintiffs allege that as Kijai Khamisi "attempted to leave the premises officer Mathews (sic) motioned for officer Geraci to follow Kijai, of which he did until she pulled over and called 911, then the officer continued to drive on. . . ." (*Id.*). Plaintiffs do not allege that an arrest warrant was issued for Kijai Khamisi, that she has been indicted on a criminal charge brought by these officers, or that she is involved in a pending state criminal proceeding.

16

The claims against the Golf Manor police officers should be dismissed. Liberally construed, the allegations of the complaint do not state a plausible claim to relief against the Golf Manor police officers for a violation of plaintiff Kijai Khamisi or any other plaintiff's federal constitutional or statutory rights. Further, plaintiffs have not addressed the arguments Matthews and Geraci present in their motion to dismiss. Plaintiffs have made no attempt to show that defendants Matthews and Geraci are not entitled to qualified immunity from liability on any claim plaintiffs seek to bring based on the specific factual allegations made against these defendants in ¶ 34 of the complaint. Plaintiffs have not implicated the Golf Manor police officers in any other act or omission alleged in the complaint. Defendants Matthews and Geraci are therefore entitled to qualified immunity on plaintiffs' claims against them. The Golf Manor police officers' motion to dismiss (Doc. 22) should be granted and these defendants should be dismissed from the lawsuit.

## VII. Plaintiffs' claims against the City defendants

The City defendants request leave to file a motion to dismiss out of time. (Doc. 29). The Court will grant the motion for good cause shown and give plaintiffs an opportunity to respond to the motion to dismiss.

## VIII. Plaintiff's motion for default judgment (Doc. 61)

In her response to the County defendants' motion for leave to file a reply in support of their motion to dismiss out of time, plaintiff Kijai Khamisi requests default judgment against the County defendants. (Doc. 61). Plaintiff does not cite any legal authority or grounds in support of her request for default judgment. Plaintiff's request for default judgment should be

17

denied for failure to comply with S.D. Ohio Civ. R. 7.2(a), which provides: "All motions and applications tendered for filing shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon." Further, plaintiff's request should be denied because the grounds for default judgment under Fed. R. Civ. P. 55 are not satisfied.

**IT IS THEREFORE ORDERED THAT:**

1. The City defendants' motion for leave to file a response to the complaint out of time (Doc. 29) is **GRANTED**. The Clerk is **DIRECTED** to file the motion to dismiss (Doc. 29-1) attached to defendants' motion. Plaintiffs shall have **twenty-one (21) days** from the date the motion to dismiss is filed to respond to the motion.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff Kijai Khamisi's motion for default judgment against the County defendants (Doc. 61) be **DENIED.**

2. The Golf Manor defendants' motion to dismiss (Doc. 22) be **GRANTED** and defendants Matthews and Geraci be **DISMISSED** from the lawsuit.

3. The motions to dismiss/motion to stay filed by the County defendants (Deters, Anderson, Shinaman, Pureval, Enderle, Kelly, Bachman, Hayslip, and Neil) (Doc. 19) and Judge Ruehlman (Doc. 21) be **GRANTED** in part. The motions should be **GRANTED** insofar as defendants move to dismiss plaintiff Kijai Khamisi's claims under Fed. R. Civ. P. 12(b)(6). Plaintiff Kijai Khamisi's claims against the County defendants and Judge Ruehlman should be **DISMISSED** under Rule 12(b)(6) for failure to state a claim for relief. The motions should be **GRANTED**

18

insofar as defendants move to stay the claims of plaintiffs Kimberly, Jelani, Ayinde and Kaia Khamisi. The Court should abstain from exercising its jurisdiction over these plaintiffs' claims against the County defendants and Judge Ruehlman, and these plaintiffs' claims against the County defendants and Judge Ruehlman should be **STAYED** pending the conclusion of the state court criminal proceedings.

4. The County defendants' motion for leave to file a reply in support of their motion to dismiss out of time (Doc. 57) and plaintiffs' "Emergency Affidavit Writ of Habeas Corpus and Show Cause Hearing" (Doc. 25); "(Emergency) Affidavit of Judicial Notice, Injunctive Relief, Show Cause Hearing, and Objection to Defendants Motion to Dismiss" (Doc. 28); "Motion to Stay, and Emergency Injunctive Relief-Show Cause Hearing" (Docs. 37, 46); and motions to take judicial notice (Docs. 65, 66, 67, 68, 69) be **DENIED** as moot.

Date: 6/15/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIJAI KHAMISI, et al.,
Plaintiffs,

Case No. 1:18-cv-0087
Dlott, J.
Litkovitz, M.J.

vs.

JOSEPH DETERS, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).