UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIJAI KHAMISI, et al.,
    Plaintiffs,

vs.

JOSEPH DETERS, et al.,
    Defendants.

Case No. 1:18-cv-0087
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

## I. Introduction

Plaintiffs Ayinde Khamisi, Jelani Khamisi, Kaia Khamisi, Kijai Khamisi and Kimberly Khamisi bring this pro se action under 42 U.S.C. § 1983 alleging violations of their civil rights. They name as defendants Hamilton County, Ohio Court of Common Pleas Judge Robert Ruehlman; Golf Manor police officers Mathew Geraci and Jill Matthews; Cincinnati Police Officers Igel Samuel, Raymond G. Marsh, Jr., and Michael William Moore (the "City defendants"); and numerous other individuals employed by Hamilton County. This matter is before the Court on the City defendants' motion to dismiss (Doc. 71), plaintiffs' responses to the motion to dismiss (Docs. 83, 84, 85, 86, 87), and defendants' reply in support of their motion (Doc. 88). The matter is also before the Court on plaintiffs' "Motion Demand for Federal Court Accountability Over Lower Courts, and Motion Demand for Protection From Deprivation of Constitutional Liberties Violations by State of Ohio Court and Agencies" (Doc. 72), and motions to set aside the state court's judgment (Docs. 74, 75, 76, 77). Finally, the matter is before the Court on plaintiffs' motions to amend the complaint (Docs. 78, 79, 80, 81, 82), defendant Ruehlman's opposing memorandum (Doc. 92), and plaintiff Kijai Khamisi's reply (Doc. 94).

## II. Allegations of the complaint

Plaintiffs Ayinde Khamisi, Jelani Khamisi, Kaia Khamisi, Kijai Khamisi and Kimberly Khamisi sue each of the defendants in their individual and official capacities. (Doc. 7, ¶¶ 12-27). The factual allegations of the complaint are set forth in the Report and Recommendation issued on June 18, 2018. (Doc. 70). The only allegations in the complaint against the City defendants relate to their interactions with plaintiff Kijai Khamisi. To briefly summarize, the complaint alleges that on November 6, 2017, Cincinnati police officers Marsh, Moore and Samuel trespassed on Kijai Khamisi's person/property and unlawfully detained and fingerprinted her at gun point in front of her apartment because they mistook Kijai for her sister, Kaia Khamisi. (*Id.*, ¶ 2). Kijai Khamisi alleges she was "harassed and unlawfully detained for approximately 1 hour and 15 minutes" by the City defendants as a result of "mistaken identity." (*Id.*, ¶ 34). The complaint alleges that two days later, all of the plaintiffs except for Kijai were named in a 21-count felony indictment which was fraudulent and obtained without probable cause. The indictment charged plaintiffs with theft, unauthorized use of property, and tampering with records, and the bill of particulars accused plaintiffs of "illegally 'squatting' and attempting to steal a house." Plaintiffs allege they were subjected to false arrests and denied due process of law. They allege that the state court did not have jurisdiction over the criminal proceedings. Plaintiffs contend that Jelani Khamisi was incarcerated and the remaining plaintiffs who were charged in the indictment were denied access to the state court.

Plaintiffs bring claims for: (1) violations of the right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution and Art.

1, § 13 of the Ohio Constitution (*Id.*, ¶¶ 39-48); (2) violations of plaintiffs' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and "Art. 1 §7" to "be free from retaliation for the exercise of the Fifth Amendment right" to be "secure in their property," resulting in emotional injuries, harm to plaintiffs' reputation, and other damages (*Id.*, ¶¶ 49-69); (3) retaliation for exercise of plaintiffs' intangible right to possession of property through the excessive misuse of judicial power in violation of the Fifth Amendment (*Id.*, ¶¶ 70-90); (4) malicious prosecution in violation of plaintiffs' Fourth and Fourteenth Amendment rights based on allegations that defendants brought false charges against plaintiffs which resulted in plaintiffs' unlawful restraint, confinement and prosecution; defendants instituted criminal proceedings for felony theft, unauthorized use of property, and tampering with records against plaintiffs without probable cause; and defendants conspired to institute and continue a criminal proceeding against plaintiffs for civil matters without probable cause (*Id.*, ¶¶ 91-110); (5) false arrest and violation of plaintiffs' Fourth and Fourteenth Amendment rights to be free from malicious prosecution, which occurred when defendants acted in concert to secure false criminal charges of theft, unauthorized use of property, and tampering with records against plaintiffs, resulting in their unlawful restraint, confinement, and prosecution (¶¶ 111-130); and (6) developing and maintaining "quasi-judicial procedures, customs, and/or practices" which exhibited deliberate indifference to plaintiffs' constitutional rights and which were moving forces behind the violations of plaintiffs' rights under the Fourth, Fourteenth, and First Amendments and 42 U.S.C. § 1981 (*Id.*, ¶¶ 131-148). As relief, plaintiffs seek a declaration that defendants have violated their constitutional rights; an order directing defendants to

3

dismiss/void criminal charges and arrest warrants and to release plaintiff Jelani Khamisi from the Hamilton County Justice Center; compensatory, special and punitive damages; attorney fees and costs under 42 U.S.C. § 1988; restoration of the "delinquent tax contracts on subject real properties"; and prejudgment and post-judgment interest. (*Id.*, pp. 35-36).

### III. The City defendants' motion to dismiss

The City defendants allege that the complaint against them should be dismissed under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6). (Doc. 71). Section 1915(e)(2)(B)(i) provides that the Court shall dismiss the complaint at any time if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The City defendants allege that plaintiffs' complaint against them should be dismissed as "frivolous of malicious" because plaintiff Kijai Khamisi has signed documents in this action on behalf of Jelani Khamisi and the other plaintiffs. (Doc. 71 at 3, citing Doc. 2 at 3; Doc. 24 at 6-7). They allege that this Court has previously instructed Jelanie Khamisi to sign his own applications and has found that Kijai Khamisi lacks the authority to act as best friend for any other party. (*Id.* at 3, citing Case No. 17-824 (S.D. Ohio), Doc. 5 at 1-2 (01/02/2018); Case No. 1:18-cv-110 (S.D. Ohio), Doc. 2 at 2 (03/01/2018)). Defendants argue that the complaint against them should be dismissed "*sua sponte* for its noncompliance with the Court's previously expressed instructions to plaintiff." (Doc. 71 at 3).

Dismissal of the lawsuit is not warranted under 28 U.S.C. § 1915(e) on this ground. The decision in Case. No. 18-cv-110 was issued after plaintiffs filed this lawsuit, and the Order in

4

Case No. 17-824 did not include any "expressed instructions" that plaintiffs disobeyed when they filed this lawsuit.

The City defendants move to dismiss plaintiff's claims against them under Rule 12(b)(6) on the ground the complaint does not state a plausible claim for relief against any one of them. They note that the only allegations of the complaint against them relate to a brief detention and fingerprinting of Kijai Khamisi, during which one of the City defendants drew his weapon. Defendants argue that the complaint does not state a claim against them because it includes only general allegations against the City defendants as a group and does not allege that each defendant performed a specific act. (Doc. 71 at 5, citing cases). Further, they argue that the complaint does not allege whether the investigatory stop and detention occurred before or after Kijai Khamisi's identity was established, so it is impossible to determine whether there was reasonable suspicion to support her detention. (*Id.* at 5). Finally, defendants argue that they are entitled to qualified immunity because plaintiffs concede the stop was related to a felony indictment against Kaia Khamisi, and defendants argue that felony stops are necessarily "more intrusive" than non-felony stops. *See Smoak v. Hall*, 460 F.3d 768 (6th Cir. 2006).

Under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*,

5

551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A document filed pro se is "to be liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

To prevail on their § 1983 claims, plaintiffs "must establish that a person acting under color of state law deprived [them] of a right secured by the Constitution or laws of the United States." *Smoak*, 460 F.3d at 777 (quoting *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001)). The plaintiff must plead that each defendant, through the officer's "own individual actions," has violated the plaintiff's constitutional rights. *Ashcroft*, 556 U.S. at 676.

To defeat a claim brought under § 1983, defendants may assert the defense of qualified immunity, which shields government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

6

Courts employ a two-step analysis to determine whether an individual is shielded from civil liability on the ground of qualified immunity: (1) considering the allegations in a light most favorable to the injured party, has a constitutional right been violated, and (2) was the constitutional right clearly established at the time of the violation. *Smoak*, 460 F.3d at 777 (quoting *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005)). Either prong may be addressed first. *Goodwin v. City of Painesville*, 781 F.3d 314, 321 (6th Cir. 2015). If the answer to either question is "no," then qualified immunity protects the defendant from civil damages. *Id.* Once the qualified immunity defense is raised, the plaintiff has the burden to demonstrate that the officers are not entitled to qualified immunity. *Smoak*, 460 F.3d at 778.

The only specific allegations of the complaint related to the City defendants are found in ¶¶ 2 and 34. Plaintiffs allege that on November 6, 2017, "after identifying herself," the City of Cincinnati defendants trespassed on plaintiff Kijai Khamisi's person/property "through an unlawful detainment and finger printing by [the officers] at gun point in front of her apartment as a result of being mistaken for her sister" Kaia Khamisi, who was named in a felony indictment two days later. (Doc. 7, ¶ 2). Plaintiffs allege that Kijai Khamisi "was harassed and unlawfully detained for approximately 1 hour and 15 minutes by Cincinnati Police [Department] officers . . . for mistaken identity. . . ." (*Id.*, ¶ 34). Plaintiffs do not allege that an arrest warrant was issued for Kijai Khamisi, that she was indicted on a criminal charge brought by these officers, or that she is involved in a pending state criminal proceeding. Thus, plaintiff Kijai Khamisi's claim against the City defendants is properly construed as a Fourth Amendment claim for unreasonable seizure.

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." These safeguards of the Fourth Amendment, "with respect to police/citizen contact, vest only after [a] citizen has been seized." *United States v. Richardson*, 949 F.2d 851, 855 (6th Cir. 1991) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). A seizure occurs where, "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Mendenhall*, 446 U.S. at 554.

A seizure that rises to the level of an arrest must be supported by "probable cause." *Dunaway v. New York*, 442 U.S. 200, 212-14 (1979). Under certain circumstances, officers are permitted to conduct a limited type of seizure - an "investigatory stop" - in the absence of probable cause. *Terry v. Ohio*, 392 U.S. 1 (1968). "If a seizure involves only a brief investigatory detention and frisk, the officers need only have a reasonable suspicion of criminal activity to satisfy Fourth Amendment requirements. *U.S. v. Lopez-Medina*, 461 F.3d 724, 739 (6th Cir. 2006) (citing *Terry*, 392 U.S. at 30).

The reasonableness of an investigatory detention "depends on a balance between the 'need to search (or seize) against the invasion which the search (or seizure) entails.'" *Lopez-Medina*, 461 F.3d at 740 (citing *Terry*, 392 U.S. at 21). An officer may conduct a *Terry* stop if the officer has "'a particularized and objective basis for suspecting the particular person . . . of criminal activity' based on 'specific and articulable facts.'" *Smoak*, 460 F.3d at 778-79 (quoting *Houston v. Clark County Sheriff Deputy John Does 1-5*, 174 F.3d 809, 813-14 (6th Cir. 1999) (citations and quotation marks omitted)). In determining the reasonableness of a stop,

8

courts consider "the length of the detention, the manner in which it is conducted, and the degree of force used. . . ." *Id.* at 781 (quoting *Houston*, 174 F.3d at 814; *United States v. Perez*, 440 F.3d 363, 372 (6th Cir. 2006) ("The investigative means used should also be the least intrusive means reasonably available to verify or dispel the officer's suspicions in a short period of time.")). Caselaw from the Sixth Circuit "has endorsed the use of guns and handcuffs during a felony stop, even if only as part of an investigatory seizure," although their use may be "unreasonably intrusive" in a given case. *Id.* (citing *Houston*, 174 F.3d at 815). Further, officers may be entitled to qualified immunity where they stop a suspect based on inaccurate information if "the individual defendants had a sufficient factual basis for thinking that they were acting consistently with *Terry*." *Id.* at 782 (citing *Feathers v. Aey*, 319 F.3d 843, 849 (6th Cir. 2003) (although a seizure violated the Fourth Amendment, the police officers were entitled to qualified immunity where they stopped a suspect based on a dispatcher's inaccurate report)).

The claims against the City defendants should be dismissed. Liberally construed, the allegations of the complaint do not state a plausible claim to relief against these defendants for a violation of plaintiff Kijai Khamisi's Fourth Amendment rights or any other plaintiff's constitutional rights. Plaintiffs concede that the officers mistook Kijai Khamisi for her sister, Kaia Khamisi, who was subsequently arrested and indicted on a felony charge. The facts alleged in the complaint do not support a finding that the officers arrested Kijai Khamisi. Instead, the facts alleged show that the officers made an investigatory stop by detaining her for a period of a little more than an hour and fingerprinting her. Plaintiffs do not allege any facts to suggest that the brief detention and fingerprinting were inconsistent with the requirements of

9

*Terry*, 392 U.S. at 1.   Plaintiffs do not allege that Kijai Khamisi was handcuffed or removed from the scene of the initial stop.   Plaintiffs generally allege that Kijai Khamisi was "harassed," but the complaint does not describe any acts of harassment by the City police officers.   Plaintiffs allege that Kijai Khamisi was detained "at gun point," but they do not allege which officer or officers used a gun, whether a gun was used briefly or throughout the stop, or any other facts related to the use of a gun.   Plaintiff do not describe any other circumstances surrounding the stop.   Nor do plaintiffs address any of the allegations related to Kijai Khamisi's encounter with the City defendants or attempt to rebut the City defendants' claim that they are entitled to qualified immunity in response to the motion to dismiss.

Accordingly, the factual allegations of the complaint, accepted as true and construed liberally in plaintiff's favor, do not support a claim that the City defendants violated Kijai Khamisi's clearly-established constitutional rights.   The City defendants are entitled to qualified immunity on her claim for relief.   The complaint does not allege that the City defendants violated the constitutional rights of any other plaintiff.   The complaint against the City defendants should be dismissed under Rule 12(b)(6).

## IV.  Motions to amend

Each of the plaintiffs has filed a motion to amend the complaint.   (Docs. 78, 79, 80, 81, 82).   The motions state that they are supported by an attached memorandum, but there is no memorandum attached to any of the motions.   Nor have plaintiffs indicated the nature of the proposed amendments to the complaint.   Plaintiffs request 60 days to file their amended pleading.

Defendant Ruehlman opposes plaintiffs' motions to amend (Doc. 92), and plaintiff Kijai Khamisi has filed a reply indicating that plaintiffs seek leave to amend the complaint to add allegations related to constitutional violations that occurred during their criminal trials in state court.[1] (Doc. 94). She indicates that plaintiffs seek to have "the void charges" reversed. (*Id.* at 5). Thus, it appears that plaintiffs seek to amend the complaint to request that their criminal convictions be reversed.

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. The Court should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, lack of notice to the opposing party, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). The Court may deny the motion to amend where the amendment is futile because the complaint, as amended, could not withstand a motion to dismiss. *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005) (citations omitted).

Amendment of plaintiffs' complaint brought under § 1983 would be futile. Plaintiffs seek relief in the form of an immediate or speedier release from imprisonment, for which their sole federal remedy is a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 after they have exhausted their state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)

---

[1] Plaintiff Kijai Khamisi purports to file the reply on behalf of all plaintiffs, which she is not authorized to do. *See* Fed. R. Civ. P. 11 (every pleading, written motion and other paper shall be signed by a party personally if the party is not represented by counsel).

("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). The motions for leave to amend should therefore be denied.

## V. Motions to set aside the state court judgments

Plaintiffs have filed several motions asking this Court to set aside the state court's criminal judgments. (Docs. 72, 74, 75, 76, 77). Plaintiffs are not entitled to that relief in this § 1983 action. *See Preiser*, 411 U.S. at 500. Plaintiffs' motions should be denied.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendants Samuel, Marsh and Moore's motion to dismiss (Doc. 71) be **GRANTED** and these defendants be **DISMISSED** from the lawsuit.

2. Plaintiffs' motions to set aside state court judgments (Docs. 72, 74, 75, 76, and 77) be **DENIED**.

3. Plaintiffs' motions to amend the complaint (Docs. 78, 79, 80, 81 and 82) be **DENIED**.

4. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800,

803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/20/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIJAI KHAMISI, et al.,                     Case No. 1:18-cv-0087
    Plaintiffs,                            Dlott, J.
                                       Litkovitz, M.J.

vs.

JOSEPH DETERS, et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).