UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIJAI KHAMISI, et al.,                                Case No. 1:18-cv-0087
    Plaintiffs,                                      McFarland, J.
                                                                  Litkovitz, M.J.

    vs.

JOSEPH DETERS, et al.,                         **REPORT AND**
    Defendants.                                  **RECOMMENDATION**

       Plaintiffs Ayinde Khamisi, Jelani Khamisi, Kaia Khamisi, Kijai Khamisi and Kimberly Khamisi filed this pro se action under 42 U.S.C. § 1983 alleging violations of their civil rights. They named as defendants Hamilton County Court of Common Pleas Judge Robert Ruehlman; Golf Manor police officers Mathew Geraci and Jill Matthews (the "Golf Manor defendants"); Cincinnati Police Dept. Dist. 4 officers Igel Samuel, Raymond G. Marsh, Jr., and Michael William Moore (the "City defendants"); and Hamilton County, Ohio employees Prosecuting Attorney Joseph Deters, Assistant Prosecuting Attorney William Anderson, Debra Shinaman, Clerk of Court Aftab Pureval, Hamilton County Justice Center Criminal Clerk Connie Enderle (listed as "Connie Doe" in the complaint), Judge Ruehlman's Law Clerk Jonathan Kelly, Judge Ruehlman's bailiff Laura Hayslip, Hamilton County Court of Common Pleas Magistrate Mike Bachman, and Hamilton County Sheriff Jim Neil (the "County defendants").

       The complaint alleged that all plaintiffs, with the exception of Kijai Khamisi, were named in a 21-count felony indictment on November 8, 2017; Jelani Khamisi was incarcerated on a $150,000 bond; and the remaining plaintiffs had not been apprehended as of the date the complaint was filed. (Doc. 7, ¶¶ 2, 32, 33). The complaint alleged that the indictment was "fraudulent" and was "knowingly and maliciously concocted and supervised" by defendants

Deters, Anderson, Schinaman, Ruehlman, Bachman, Hayslip, Enderle (Doe), Neil and Pureval from "civil quiet title-verified complaints, that [plaintiffs] had individually filed with the Hamilton County Common Pleas Court, over a 2 year span of time." (*Id*., ¶ 2). The complaint further alleged that the indictment was obtained without probable cause because it does not charge an element of any of the crimes plaintiffs are alleged to have committed, which are theft, unauthorized use of property, and tampering with records. (*Id*., ¶ 36). The bill of particulars accused plaintiffs of "illegally 'squatting' and attempting to steal a house. . . ." (*Id*., ¶ 37).

At the time the complaint was filed, plaintiffs had also filed several habeas petitions in this Court which clarified the allegations of the complaint in relevant respects. Read together, it appeared from these filings that plaintiff Jelani Khamisi was a pretrial detainee at the Hamilton County Justice Center. *See* Doc. 7, ¶ 31; *see also Jelani Khamisi v. State of Ohio, et al*., No. 1:18-cv-110 (Doc. 2, 3/1/2018; Doc. 5, 3/22/18) (Bowman, M.J.; Barrett, J.) (dismissing habeas petition filed by Jelani Khamisi, "a pretrial detainee at the Hamilton County, Ohio, Justice Center," on the grounds of *Younger* abstention and failure to exhaust all available state remedies). Plaintiffs Ayinde Khamisi and Kaia Khamisi had been indicted on felony charges and were fugitives from justice. *See* Doc. 7, ¶¶ 2, 33; *see also Ayinde Khamisi v. State of Ohio, et al.*, No. 1:18-cv-113 (Doc. 2, 3/1/2018; Doc. 5, 3/22/2018) (Bowman, M.J.; Barrett, J.) (dismissing habeas petition on the grounds the petitioner was apparently a fugitive from justice and an exception to *Younger* abstention was not warranted); *Kaia Khamisi v. State of Ohio, et al.*, No. 1:18-cv-112 (Doc. 2, 2/22/2018; Doc. 3, 3/22/2018) (Litkovitz, M.J.; Barrett, J.) (same). It appeared that Kimberly Khamisi was also a fugitive from justice when she filed the complaint

2

(Doc. 7, ¶¶ 2, 33), but she had since been apprehended and had been held at the Hamilton County Justice Center as a pretrial detainee since February or March, 2018. *See* Doc. 25, "Emergency Affidavit Writ of Habeas Corpus and Show Cause Hearing"; *see also Kimberly Khamisi v. Hamilton County Justice Center*, No. 1:18-cv-255 (Doc. 1, 4/20/2018).

The Court dismissed Kijai Khamisi's claims against all of the defendants. (Docs. 96, 122). The Court also dismissed all claims against the Golf Manor defendants and the City defendants. (Docs. 96, 122). With respect to plaintiffs Kimberly, Jelani, Ayinde, and Kaia Khamisi, the Court abstained from exercising its jurisdiction over these plaintiffs' claims against the County defendants and Judge Ruehlman, and these claims were stayed pending the conclusion of the state court criminal proceedings. (Doc. 96).

Subsequent filings by plaintiffs Kimberly, Jelani, Ayinde, and Kaia Khamisi indicate they had been convicted by the state court. (Docs. 140, 141, 143, 144). Plaintiffs appealed to the First District Ohio Court of Appeals and the Supreme Court of Ohio. (Doc. 169-173). On July 21, 2020, the Ohio Supreme Court declined to accept jurisdiction of plaintiffs' appeals. (Doc. 175-1). To date, plaintiff convictions have not been invalidated by a state or federal court.

Under 42 U.S.C. § 1983, a plaintiff has no right to relief on the basis of an allegedly unconstitutional conviction or sentence unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). When a plaintiff's successful § 1983 action would necessarily imply that his or her sentence or conviction is invalid, the complaint must be dismissed unless

3

the plaintiff can demonstrate that the conviction or sentence has already been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by the issuance of a writ of habeas corpus. *Id. See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (a plaintiff's "§ 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief) . . . – if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

As explained above, plaintiffs' complaint alleges that the indictment was "fraudulent," "knowingly and maliciously concocted and supervised," and obtained without probable cause. A judgment in favor of plaintiffs on any claim stemming from the state criminal proceedings against them would necessarily imply that their convictions were invalid. *See Heck*, 512 U.S. at 487. Because plaintiffs have not alleged facts indicating that their convictions have been invalidated by a federal or state court or other appropriate tribunal, they may not proceed with their § 1983 claims in this case.

Therefore, it is hereby recommended that plaintiffs' complaint be dismissed without prejudice. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir.), *cert. denied*, 140 S. Ct. 528, (2019) (directing district court to dismiss claims without prejudice under *Heck*).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiffs' complaint be dismissed without prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800,

803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/28/2020

Karen L. Litkovitz
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIJAI KHAMISI, et al.,  Case No. 1:18-cv-0087
    Plaintiffs,  McFarland, J.
        Litkovitz, M.J.

vs.

JOSEPH DETERS, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).